FILED
Clerk
District Court
MAY 24 2023
for the Northern Mariana Islands
By_____JP_____
(Deputy Clerk)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| U.S.A. FANTER CORPORATION, LTD., <br><br> Plaintiff, <br><br> v. <br><br> IMPERIAL PACIFIC INTERNATIONAL (CNMI), LLC, <br><br> Defendant. | Civil Case No. 1:20-cv-00005 <br><br> **DECISION & ORDER DENYING DEFENDANT'S MOTION FOR RELIEF FROM JUDGMENT UNDER FED. R. CIV. P. 60(b) and MOTION TO FILE LATE DECLARATION** |

Before the Court is Defendant Imperial Pacific International (CNMI), LLC's ("IPI") Motion for Relief form Judgment Under FRCP 60(b). (Mot. for Relief from J., ECF No. 80.) IPI seeks relief from judgment through Rule 60's catchall provision based on the alleged gross negligence of its trial counsel, Stephen J. Nutting ("Nutting"). IPI did not include any supporting documents or declarations to support its motion but has instead separately moved to file a late declaration by Nutting. (Mot. to File Late Decl., ECF No. 84.) Plaintiff U.S.A. Fanter Corp., Ltd. ("USA Fanter") opposes both of IPI's motions (ECF Nos. 82 (Opp'n to Mot. for Relief from J.); 86 (Opp'n to Mot. to File Late Decl.)). Defendant IPI filed its reply to the opposition to its motion for relief. (ECF No. 85.)  Having reviewed the filings and the record, and considered the arguments and the law, the Court finds this matter suitable for a decision on the briefs without oral argument pursuant to Local Rule 7.1(a)(2), and now DENIES IPI's motions for the following reasons.

/ /

/

1

I. **PROCEDURAL BACKGROUND**

On February 24, 2020, USA Fanter filed its Complaint (ECF No. 1) against IPI asserting a single cause of action: defamation per se. (*Id*. at 9.) USA Fanter alleged IPI twice made libelous statements in press releases transmitted to and published by two local newspapers, the Saipan Tribune and the Marianas Variety. (*See id*. at 2.) Approximately two years after the filing of the original complaint, both USA Fanter and IPI filed a Stipulation to Waive Jury Trial (ECF No. 39). The Court granted the stipulation (ECF No. 40), and the bench trial commenced on March 1, 2022 (ECF No. 53).

Prior to trial, the parties submitted a Joint Pretrial Statement that identified the damages sought by USA Fanter totaling $500,000, consisting of $250,000 in compensatory and punitive damages, each. (ECF No. 38.) A final pretrial conference was held on February 22, 2022 (Min., ECF No. 45), at which time the Court discussed with the parties the itemized statement of all damages, and notified the parties that it would be issuing a Final Pretrial Order, based in part on the Joint Pretrial Statement. (*Id*.) The Final Pretrial Order thus indicated that USA Fanter would be seeking compensatory damages in the amount of $250,000 and punitive damages in the same, totaling $500,000. (ECF No. 46 at 5.) Mr. Tao Xing was present at the conference as IPI's representative. (Min., ECF No. 45.)

Separately, the parties submitted a Stipulated Uncontroverted Facts for Trial that would be accepted as established facts as if it was presented through live testimony and undisputed by Defendant (ECF No. 50), which the Court accepted during the bench trial. (Tr. 49:19-25, 50:1-2, ECF No. 55.) USA Fanter agreed to stipulate to these facts, in part, due to the anticipated absence of two IPI representatives, Mr. Tao Xing and Ms. Rodelyn Quimsing, both of whom were subpoenaed by USA

Fanter as witnesses. (*Id*. at 20:2-5 (relying on the deemed admissions and stipulated facts rather than compelling Tao Xing or Rodelyn Quimsing to testify).)

Additionally, just before the final pretrial conference, USA Fanter filed a Notice of Filing of Defendant's Admissions for Trial (ECF No. 44), owing to IPI's failure to respond to Plaintiff's First Request for Admissions to IPI pursuant to Rule 36 of the Federal Rules of Civil Procedure (ECF No. 44 at 3 (Ex. A)). Two days later, IPI noticed the Court of its objections to these deemed admissions in one sentence without any factual basis or legal authority. (ECF No. 49.) During the bench trial, IPI made an oral motion to withdraw its deemed admissions, which the Court denied and instead received the admissions into evidence. (Min., ECF No. 53.) As the Court stated, "there's been no showing of good cause. And for these reasons, the Court is denying Defendant IPI's oral motion to withdraw its admissions to the . . . previously propounded request for admission. And so, therefore, the Defendant's admissions will be applied pursuant to Rule 36." (Tr. 41:22-25, 42:1-2, ECF No. 55.) IPI's usual representative, Mr. Tao Xing, was not present during this ruling at the trial nor was there any other representative from IPI. (Min., ECF No. 53.) IPI's counsel Mr. Nutting also indicated that "Tao Xing is probably the last man standing with IPI at this juncture. I don't know if he's [the] official representative of [IPI]. I've actually been advised that some individual in California is now the official representative of [IPI], and so I am here by myself[.]" (Tr. 6:25, 7:1-5, ECF No. 55.)

The bench trial lasted a single day, and no representative from IPI was present during its entirety. (Min., ECF No. 53.) USA Fanter presented four witnesses and 28 exhibits to establish its claim of defamation as well as damages beyond the $500,000 identified in the Final Pretrial Order. (Findings of Fact and Conclusions of Law 3, ECF No. 75.) In particular, both USA Fanter's owner

Steven Qian and a general consultant on financial matters for USA Fanter, Tony Muna, testified that USA Fanter lost hundreds of thousands of dollars in potential profit. (*See* Tr. 184:18-25, 185:1-17 (describing the net profit loss as totaling $838,000 and attributing a good portion of the loss to IPI's defamatory statements).) IPI did not present any witnesses or evidence to contradict any of USA Fanter's evidence. (*Id*.)

USA Fanter subsequently filed its proposed Findings of Fact and Conclusions of Law seeking the damages admitted by IPI. (ECF No. 64.) IPI responded arguing that damages should be limited to those deemed admitted because certain damages could not be attributed to the defamatory publications. (ECF No. 68 at 4.)

At a status conference on August 24, 2022, the Court informed the parties that it would adopt USA Fanter's proposed findings of fact and conclusions of law but would limit judgment to $500,000 in damages based, at least in part, on IPI's arguments. (Min., ECF No. 72.) Mr. Tao Xing was present. (*Id*.) Based on the Stipulated and Uncontroverted Facts (ECF No. 50), the deemed admissions accepted by the Court (ECF No. 44), the various exhibits received into evidence (Min., ECF No. 53), and the corroborating testimony by witnesses from USA Fanter and two media outlet representatives that published IPI's press releases (*id*), the Court found IPI liable to USA Fanter for defamation (Findings of Fact and Conclusions of Law 47, ECF No. 75). Consistent with this finding, the Court entered its Findings and Conclusions on March 20, 2023 (*id*.), and Judgment in favor of USA Fanter for $500,000 was issued the same day (ECF No. 76).

On April 17, 2023, IPI filed its motion for relief from judgment without a declaration. (ECF No. 80.) This motion was filed by pro hac vice counsel Mr. Chen and trial counsel Mr. Nutting. (*Id*.

at 8.) Four days after filing its motion, IPI sought to submit a late declaration by first contacting USA Fanter to determine whether it would be willing to stipulate to the motion's factual allegations or, alternatively, stipulating to filing a motion to submit declaration under seal. (ECF No. 84 at 9 (Ex. B).) USA Fanter later declined stating: "IPI took no action until the eleventh hour. This is an unfortunate trend in the way IPI has addressed various issues before the District Court." (*Id*. at 13 (Ex. C).) About two weeks after USA Fanter denied any stipulation as to a late declaration, IPI filed its motion to file late declaration (ECF No. 84) with the proposed declaration (ECF No. 84-1). IPI did not file a motion to shorten time for this motion to be heard prior to the hearing on its motion for relief from judgment (which is currently scheduled for May 25, 2023), and therefore a hearing was scheduled for June 15, 2023 consistent with Local Rule. *See* LR 7.1(b)(1).

## II.     LEGAL STANDARD

### A.  Federal Rule of Civil Procedure 60(b)(6) – Relief from Judgment

Rule 60(b)(6) provides, in relevant part: "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons . . . any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6).[1] A motion under Rule 60(b)(6) "must be made within a reasonable time[.]" Fed. R. Civ. P. 60(c)(1). The rule is used "sparingly as an equitable remedy to prevent manifest injustice." *United States v. Alpine Land & Reservoir Co.*, 984

---

[1] Rule 60(b) sets out five other reasons that may justify relief from judgment. They include (1) "mistake, inadvertence, surprise, or excusable neglect;" (2) "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Ruel 59(b);" (3) fraud, misrepresentation, or misconduct by an opposing party; (4) "the judgment is void;" or (5) "the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable[.]" Fed. R. Civ. P. 60(b)(1)-(5). Rule 60(b)(6) functions as the catchall provision. *See* Fed. R. Civ. P. 60(b)(6).

5

F.2d 1047, 1049 (9th Cir. 1993). To receive relief under Rule 60(b)(6), a party must demonstrate "extraordinary circumstances which prevented or rendered him unable to prosecute" the case. *Cmty. Dental Servs. v. Tani*, 282 F.3d 1164, 1168 (9th Cir. 2002) (citations omitted).

### III. DISCUSSION

Because the motion for relief from judgment rises or falls on the facts to justify the relief, the Court will first address the issue of the late declaration.

**A. Late Declaration**

The Court denies IPI's motion to file a late declaration by its own counsel because there is neither good cause nor excusable neglect. To determine whether neglect is excusable, courts consider (1) the danger of prejudice to the opposing parties; (2) the length of the delay and potential impact on judicial proceedings; (3) "the reason for the delay, including whether it was within reasonable control" of the party seeking relief; and (4) whether the movant acted in good faith. *Pincay v. Andrews*, 389 F.3d 853, 855 (9th Cir. 2004) (en banc) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 395 (1993)). "Inadvertence, ignorance of the rules, or mistakes construing the rules generally" are not considered excusable neglect. *Pioneer*, 507 U.S. at 392.

IPI has failed to meet any of the four factors. First, USA Fanter would be prejudiced because it crafted its opposition to the motion for relief based partly on IPI's failure to timely submit supporting evidence or affidavits. (*See* Opp'n to Mot. for Relief from J. 11-12.) IPI's motion for relief pursuant to Rule 60(b) substantially relies on the facts and circumstances surrounding Nutting's alleged gross negligence as IPI's counsel that was not supported by any evidence; however, USA Fanter framed its opposition without considering those facts and circumstances due to the lack of any evidence, affidavit

or otherwise, submitted by IPI. By permitting IPI to submit a late declaration now, particularly when IPI has not moved to have its motion for late declaration heard on shortened time, would unduly prejudice USA Fanter. USA Fanter would have to reframe its entire opposition in view of evidence submitted after the filing of both IPI's motion for relief and USA Fanter's opposition to IPI's motion for relief.

Second, IPI waited *days after its motion for relief from judgment* before seeking a stipulation from USA Fanter regarding the late declaration. And even after USA Fanter declined the stipulation, IPI waited *weeks* before seeking the Court's leave to file a late declaration.

In tandem with the third factor, IPI does not explain *why it was late in filing a declaration to begin with* let alone why it waited weeks before seeking the Court's leave. The motion for relief was filed by pro hac vice Mr. Chen and trial counsel Mr. Nutting. Mr. Nutting was aware of the motion, the reasons for the motion, and was obviously available to provide his declaration. Why he did not do so at the outset has not been shown. Although IPI indicates that the delay was, in part, because USA Fanter declined days after IPI requested a stipulation, this excuse is unpersuasive given the request was made *after* the motion was filed, and how much time elapsed between USA Fanter' rejection and the moment IPI sought leave from the Court to file a late declaration. By permitting IPI to submit a late declaration now would result in extended briefing and yet another delay in resolving the dispute, thereby significantly impacting judicial proceedings and USA Fanter's ability to collect on its judgment. Judicial expediency and efficiency militate against finding in favor of IPI for either the second or third factor.

Finally, while the Court does not find that IPI acted in bad faith, neither does it find that IPI acted in good faith. As USA Fanter points out, nothing precluded IPI from filing a motion to seal the declaration in conjunction with the motion for relief from judgment—no stipulation was needed. (Opp'n to Mot. to File Late Decl. 7, ECF No. 86.) Instead, IPI kept both USA Fanter and the Court waiting for days and weeks before acting.

IPI has failed to demonstrate good cause or excusable neglect to justify filing a late declaration, and therefore its motion for relief from judgment is in violation of both federal and local rule. *See* Fed. R. Civ. P. 6(c)(2) ("Any affidavit supporting a motion must be served with the motion."); LR 7.1(b)(2) (identifying that motions must be accompanied "where appropriate, by affidavits or declarations . . . sufficient to support any material factual contentions"). Therefore, the Court DENIES IPI's motion to file a late declaration and need not consider any factual allegations contained in the motion.

**B. Relief from Judgment Under Rule 60(b)(6)**

1. <u>Even if the Court considered IPI's factual allegations, Nutting's conduct as IPI's counsel was not so grossly negligent such that relief under Federal Rule of Civil Procedure 60(b)(6) is warranted.</u>

IPI's motion for relief from judgment under Rule 60(b)(6) of the Federal Rules of Civil Procedure is substantially based on the allegation of gross negligence by its trial counsel, Stephen J. Nutting. Undergirding IPI's argument is that Nutting's failure to properly respond to USA Fanter's requests for admission set in motion a series of subsequent failures leading to IPI's demise. (Mot. for Relief from J. 5, ECF No. 80 ("[W]hat happened after the initial failure to respond to the [Requests for Admissions] are much more telling.").) In summary, this was not simple "attorney error." (*Id*. at

8

7.) Rather, IPI (mistakenly) relied on Nutting to provide competent representation who in turn failed to inform IPI of USA Fanter's requests for admissions, his failure to respond to such requests, and the legal consequences of the deemed admissions. (*See id*. at 3, 4 (claiming no knowledge of Nutting's failure to respond to the requests for admissions, the content of those requests, and the legal consequences for failing to respond).)

"An attorney's actions are typically chargeable to his or her client and do not ordinarily constitute extraordinary circumstances warranting relief from judgment under Rule 60(b)(6)." *Lal v. California*, 610 F.3d 518, 524 (9th Cir. 2010) (citations omitted). "But there are exceptions to this general principle." *Id*. In *Tani*, the Ninth Circuit joined the Third, Sixth, and Federal Circuits in holding that an attorney's gross negligence constitutes such an extraordinary circumstance. 282 F.3d at 1169. Gross negligence is "neglect so gross that it is inexcusable." *Id*. at 1168 (citation omitted). In that case, the court found that a defense attorney committed gross negligence when he "abandoned his duties as an attorney" by failing to file papers, failing to oppose a motion to strike his answer, and failing to attend hearings. *Id*. at 1171. These actions were so egregious they could not "be characterized as simple attorney error or mere 'neglect.'" *Id*. (citations omitted). "[C]onduct on the part of a client's alleged representative that results in the client's receiving practically no representation at all clearly constitutes gross negligence, and vitiate[es] the agency relationship that underlies our general policy of attributing to the client the acts of his attorney." *Id*.

Similarly, in *Spates-Moore v. Henderson*, the attorney

> twice failed to file timely oppositions to motions to dismiss; did not return phone calls; did not attend a pre-trial meeting that a local rule required; did not remember conversation with opposing counsel; did not respond to two postal notices; did not

9

file an opposition to summary judgment; did not move for relief from summary judgment until more than seventy days after judgment was entered; and told opposing counsel there was 'no point' in doing so.

305 Fed. App'x 449, 450 (9th Cir. 2008). As such the court found that the attorney's "failures went far beyond simple attorney error[,]" and the district court should have considered whether relief is warranted under Rule 60(b)(6). *Id*.

Nutting's conduct in this case, while negligent, was not so egregious that it constitutes the kind of gross negligence described by the Ninth Circuit. Unlike in *Henderson* and *Tani*, Nutting was present for all hearings, opposed motions, and filed papers. In addition, Nutting's most significant contributions were his presence and participation in the trial and his arguments against an increase in damages to that deemed admitted ($500,000). A party's ability to present its case on the merits is critical to the gross negligence analysis. *See Cranmer v. Tyconic*, 278 Fed. App'x 744, 747 (9th Cir. 2008) ("Here, however, the district court entered judgment on the merits of the case. Thus Cranmer is not entitled to relief due to attorney abandonment or gross negligence under Rule 60(b)(6)."); *cf. Tani*, 282 F.3d at 1172 (finding that a default judgment precluded a trial on the merits and granting Rule 60(b)(6) motion); *Lal*, 610 F.3d at 524-25 ("Dismissal with prejudice under Rule 41(b) for failure to prosecute is the converse of a default judgment. In both instances, the consequence of the attorney's action (or inaction) is a loss of the case on the merits."). Here, not only did Nutting participate in the bench trial on the merits, he later successfully argued against an increase in damages. In fact, USA Fanter was seeking hundreds of thousands of dollars more than what the parties proposed in their Joint Pretrial Statement, and as memorialized in the Final Pretrial Order. (*See* Tr. 184:18-25, 185:1-17.) In theory, the Court could have awarded more damages based on the actual evidence at trial.

Nevertheless, Nutting convinced the Court otherwise. Thus, despite Nutting's lackluster performance at the bench trial on the merits, Nutting was nonetheless present, made arguments, and objected. The Court ultimately agreed with Nutting's arguments on damages—USA Fanter was not awarded all the possible relief it desired as supported by the evidence it presented.

While Nutting was certainly derelict in his duties as counsel, particularly in his failure to communicate with his client, IPI itself is at least partly to blame for its failure to participate. Conveniently, and despite a subpoena, neither Mr. Tao Xing nor Ms. Rodelyn Quimsing were present at the most critical juncture of the proceedings: the actual bench trial on the merits. Also conveniently, Mr. Tao Xing had been a regular participant in all the hearings *before* and *after* the bench trial. (*See e.g.*, ECF Nos. 45 (final pretrial conference), 72 (status conference).) This includes the final pretrial conference, where the Court and parties discussed what the final pretrial order would contain, including the damages that were deemed admitted and that IPI now claims was never made aware of. (Min., ECF No. 45 (showing Mr. Tao Xing's presence); Joint Pretrial Statement, ECF No. 38 (filed before final pretrial conference, which was held that same day); Final Pretrial Order, ECF No. 46 (reflecting $500,000 in damages sought by Plaintiff).) And it also includes the August 24, 2022 status conference where Nutting successfully argued against any damages beyond the admitted $500,000 in compensator and punitive. Yet, IPI fails to acknowledge its own lack of participation.

Furthermore, it is unclear who IPI's representative would have been at the bench trial given Mr. Nutting's statement that, "Tao Xing is probably the last man standing with IPI at this juncture. I don't know if he's [the] official representative of [IPI]. I've actually been advised that some individual in California is now the official representative of [IPI], and so I am here by myself[.]" (Tr. 6:25, 7:1-

5, ECF No. 55.) This reflects Nutting's own uncertainty of who to consult and when. While Nutting lacked communication, IPI lacked participation—an all too familiar practice of IPI's given the Court's numerous entries of default against IPI for failure to participate. In fact, USA Fanter pointed out during the bench trial: "[I]t's not only Mr. Nutting who's not participating in discovery, it's the client who's not participant in discovery. He's not receiving feedback from [IPI]. [H]is client's not here to talk about it or raise a hand. His clients that I subpoenaed, you know, won't —- don't want to appear. And there is no one here to speak on behalf of IPI, and you can't see any cooperation from [IPI] in this case, and, perhaps, others, Your Honor[. S]o it's not only Mr. Nutting's nonparticipation, it's the client, IPI's nonparticipation." (Tr. 33:16-25, 34:1, ECF No. 55.) This Court agrees.

In this instance, the Court need not consider any of IPI's factual representations in its motion for relief because it failed to submit a timely declaration, and the Court could deny IPI's motion for relief on this basis alone since there is no supporting evidence. However, even if the Court were to consider IPI's factual representations, Nutting's conduct was not so egregious that he abandoned his duties as counsel to IPI. Thus, no relief pursuant to Rule 60(b)(6) is warranted on this basis.

   2. <u>Even if Nutting's conduct constituted gross negligence, IPI has failed to establish that it would be able to present a meritorious defense had the admissions been withdrawn pursuant to Federal Rule of Civil Procedure 36(b).</u>

Essentially, IPI seeks relief from the Court's judgment based on Nutting's gross negligence to properly respond to USA Fanter's requests for admissions, to argue withdrawal of these admissions, and to apprise IPI itself on the legal ramifications of the deemed admissions. "It would be fair to say, without the deemed admissions, USA Fanter would have a difficult time to prove its case by

preponderance of evidence if at all." (Mot. for Relief from J. 4, ECF No. 80.) IPI thus implicitly argues that it would seek the Court's reconsideration in finding those requested items as admitted because a true trial on the merits did not occur. (*See* Reply Mot. for Relief from J. 6, ECF No. 85.) However, USA Fanter asserts that the Stipulated and Uncontroverted Facts sufficiently established the elements of its defamation claim. (Opp'n to Mot. for Relief from J. 8, ECF No. 82.) Furthermore, "[p]atently lacking in IPI's motion is any identification of any witnesses or evidence that exists which could have contradicted USA Fanter's evidence." (*Id*. at 14.) Thus, as argued by USA Fanter, many of IPI's arguments are speculative and without merit. (*Id*. at 17, 18.) This Court finds USA Fanter's arguments more apt.

Where a party fails to answer a request for admissions within 30 days, the requested items are deemed admitted. Fed. R. Civ. P. 36(a)(3). "Any matter thus admitted is conclusively established unless the court on motion permits withdrawal or amendment of the admission." *Hadley v. United States*, 45 F.3d 1345, 1348 (9th Cir. 1995). A court may permit withdrawal of those admissions when (1) it would promote the presentation of the merits of the action, and (2) the party who obtained the admission would not be prejudiced by the withdrawal. Fed. R. Civ. P. 36(b); *see Hadley*, 45 F.3d at 1348. IPI has failed to establish either of these two elements.

USA Fanter is correct: much of what IPI asserts is speculative and does not hold water. Although the deemed admissions were instrumental to the Court's Findings of Fact and Conclusions of Law—so too were the Stipulated and Uncontroverted Facts (ECF No. 50; *see* Findings and Conclusions, ECF No. 75 (relying on stipulated facts)), the exhibits admitted at the bench trial (Min., ECF No. 53), *and* the witness testimony corroborating the admissions, the stipulated facts, and the

exhibits (*see id.*; *see generally* Tr., ECF No. 55). By contrast, IPI has utterly failed to provide *any* evidence that would contravene the Court's findings of liability *or* damages. Thus, IPI has not demonstrated whether and how withdrawal of the deemed admissions would promote the presentation of the merits. Further, USA Fanter would absolutely be prejudiced by withdrawal at this juncture. Judgment has been entered based on the evidence and testimony presented at a trial on the merits; having to redo the entire matter would be a waste of USA Fanter's and this Court's time.

## IV. CONCLUSION

The Court need not consider any of the facts identified in IPI's motion for relief because IPI failed to timely submit a declaration concurrent with its motion for relief. Even if it did, Nutting's conduct was not so egregious as to warrant relief nor has IPI established any facts that would justify a reconsideration of the Court's findings as to the deemed admissions.

For the foregoing reasons, the Court hereby DENIES IPI's Motion to File Late Declaration (ECF No. 84) and VACATES the hearing scheduled for June 15, 2023. In addition, the Court also DENIES IPI's Motion for Relief from Judgment Under Rule 60(b)(6) (ECF No. 80) and VACATES the hearing scheduled for May 25, 2023.

IT IS SO ORDERED this 24th day of May, 2023.

RAMONA V. MANGLONA
Chief Judge