F I L E D
 Clerk
 District Court
JAN 11 2024
for the Northern Mariana Islands
By_____
            (Deputy Clerk)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| U.S.A. FANTER CORP. LTD,<br><br>    Plaintiff,<br>    v.<br><br>IMPERIAL PACIFIC INTERNATIONAL (CNMI), LLC,<br><br>    Defendant. | Civil Action No. 1:20-cv-00005<br><br>DECISION AND ORDER DENYING IN PART APPLICATION FOR WRIT OF EXECUTION AS TO THE CNMI JUDGMENT CREDITORS |

Before the Court is Plaintiff U.S.A. Fanter Corp., Ltd. ("USA Fanter") and Judgment Creditors Fujitec Pacific Inc. ("Fujitec"), Hemine Ipwan Islam *dba* IPWAN Security Services ("IPWAN"), GT Building Systems International Ptd., Ltd. ("GT Building"), Artman Corp. ("Artman"), and James Whang *dba* South Pacific Lumber Co.'s ("SPLC") Application for Writ of Execution pursuant to Federal Rule of Civil Procedure 69 and 7 CMC §§ 4203-4204, and 4210. (ECF No. 89.) Defendant Imperial Pacific International (CNMI), LLC ("IPI"), did not file an opposition. As detailed herein, the Court DENIES IN PART WITH PREJUDICE the Application for Writ of Execution as to CNMI Judgment Creditors Fujitec, IPWAN, and GT Building.

**I.  PROCEDURAL BACKGROUND**

The Court directed the Clerk to enter judgment in favor of USA Fanter for a total amount of $500,000 plus post-judgment interest in its Findings of Fact and Conclusions of Law (ECF No. 75 at 47). After the Clerk entered Judgment (ECF No. 76), IPI filed its Motion for Relief from Final Judgment (ECF No. 80) and Motion to File a Late Declaration (ECF No. 84). The Court denied both motions. (D&O 1, ECF No. 87.)

On December 5, 2023, USA Fanter's legal counsel filed his Notice of Appearance (ECF No. 88) on behalf of five judgment creditors, to wit: Fujitec, IPWAN, GT Building, Artman, and SPLC. Of the five, Fujitec, IPWAN, and GT Building obtained judgments against IPI in the Northern Mariana Islands Superior Court ("CNMI Judgment Creditors"), while USA Fanter (Case No. 1:20-cv-00005), Artman (Case No. 1:20-cv-00038), and SPLC (Case No. 1:21-cv-000027) ("Federal Court Judgment Creditors") obtained judgments in their respective cases in this Court. (*See* Notice Appearance 1-2.)

Both the CNMI Judgment and Federal Judgment Creditors seek a Writ of Execution pursuant to Rule 69 and 7 CMC §§ 4203-4204, and 4210 for IPI's vehicles, liquor, dragons, computer hardware, furniture and equipment, and casino-related and security equipment. (Thompson Decl. 4-6, ECF No. 89-1.) For the following reasons, the Court denies the Application as to the CNMI Judgment Creditors.

## II. LEGAL STANDARD AND DISCUSSION

Pursuant to Rule 69,

> [a] money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies.

Fed. R. Civ. P. 69.

The Ninth Circuit addressed whether Rule 69 requires a federal court to apply the procedures of the state in which the court is located for execution of money judgments. *Labertew v. Langemeier*, 846 F.3d 1028, 1032 (9th Cir. 2017). "When Federal Rule of Civil Procedure 69 says '[a] money judgment,' does it refer to the judgment of any court? Any federal district court? Any state court? Or only the particular district court in which execution is sought? The last is correct." The Ninth Circuit reasoned that "[t]he necessary

predicate for application of Federal Rule 69 is a judgment in the federal district court in which execution is sought. 'Rule 69 is not available to enforce state court judgments in federal court.'" *Id.* at 1033 (citing *Marietti v. Santacana*, 111 F. Supp. 3d 129, 134 (D.P.R. 2015); 12 Charles Alan Wright, Arthur R. Miller, & Richard L. Marcus, *Federal Practice and Procedure* § 3011, at 167-68 & n.7 (2014)).

Here, the CNMI Judgment Creditors do not have federal court judgments. Nor do they seek to register their judgments under an applicable federal statute. Because it is clear "'Rule 69 is not available to enforce state court judgments in federal court,'" and the CNMI Judgment Creditors seek to enforce state court judgments pursuant to Rule 69, the Court denies the Application for Writ of Execution as to the CNMI Judgment Creditors. *See Am. Income Life Ins. Co. v. Ailport*, No. 1:18MC48, 2020 WL 4432392, at *2 (N.D. W. Va. July 31, 2020) (citations omitted) (held that the federal court could not enforce a state court judgment pursuant to Rule 69 nor federal statute 28 U.S.C. § 1963 because § 1963 does not authorize registry of state court judgments). Rule 69 is not a vehicle through which federal courts can enforce state court judgments, which is exactly what the CNMI Judgment Creditors are attempting to accomplish.

### III.  CONCLUSION

For the foregoing reasons, the Court denies the Application for Writ of Execution with prejudice as to the CNMI Judgment Creditors. The Federal Court Judgment Creditors may still pursue their Application for Writ of Execution.

IT IS SO ORDERED this 11th day of January 2024.

Chief Judge
RAMONA V. MANGLONA

3